# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DUMONT BUSH,** :
:
    **Petitioner** : **CIVIL NO. 1:15-CV-00238**
:
**v.** : **(Judge Rambo)**
:
**WARDEN, FCI-SHUYLKILL,** :
:
    **Respondent** :

## **M E M O R A N D U M**

On February 3, 2015, Petitioner Dumont Bush, ("Bush") an inmate currently confined at Federal Correctional Institution, Shuylkill in Minersville, Pennsylvania, filed this *pro se* petition for habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) In the petition, Bush challenges the Federal Bureau of Prisons' ("BOP") calculation of his federal sentence. (*Id.*) For the following reasons, the petition will be dismissed as successive.

## **I.   Background**

On September 1, 1995, Bush was sentenced in the Court of Common Pleas of Lehigh County, Pennsylvania, ("Lehigh County court") to a term of imprisonment of eighteen to thirty-six months for possession with intent to deliver a controlled substance and possession of a controlled substance. *See Bush v. Warden, USP*

*Canaan*, 09-cv-00819, Doc. 18 at 1–2 (M.D. Pa. Oct. 14, 2009).  While serving this sentence, Bush was turned over to federal authorities on several occasions for federal criminal proceedings.  *See id.* at 2–3.  On January 21, 1997, Bush was sentenced in the U.S. District Court for the Eastern District of Pennsylvania to a term of imprisonment of 210 months for conspiracy to commit armed bank robbery and armed bank robbery.  *See id.* at 3.  The Eastern District Court recommended that Bush receive credit for all federal time served in custody pending disposition of the case, but was silent on whether the sentence should run concurrent with any undischarged state sentences.  *See id.*

On June 18, 1997, while he was still serving his state sentence, Bush entered a guilty plea in the Lehigh County court to a charge of aggravated assault on a prison guard.  *See id.*  Bush was sentenced to twenty-one months to five years imprisonment for this charge, to be served consecutively to any sentence he was serving at the time this sentence was imposed.  *See id.* at 3–4. On January 19, 2000, Bush finished serving his state sentences and was released into primary federal custody.  *See id.*  The BOP calculated Bush's federal sentence as commencing on that date.  *See id.*  The BOP decided that Bush was not entitled to receive credit toward his federal sentence

for the time spent in state custody prior to that date because that time had been credited toward his state sentences. *See id.*

On November 13, 2008, Bush filed a petition for writ of habeas corpus in the Eastern District of Pennsylvania in which he challenged the BOP's calculation of his sentence. *Id.*, Doc. 1. In that petition, Bush argued that the BOP should have awarded him credit for the time spent in state custody prior to being taken into primary federal custody. *Id.* By order dated March 25, 2009, the petition was transferred to this court as the district within which Bush was imprisoned. *Id.*, Doc. 4. October 14, 2009, this court denied Bush's petition, concluding that Bush was "not entitled to credit toward his federal sentence," nor to "*nunc pro tunc* designation of federal service at a state facility." *Id.*, Doc. 18 at 15.

On February 3, 2015, Bush filed the instant petition for writ of habeas corpus. (Doc. 1.) In the petition, Bush again seeks to have his time spent in state custody credited toward his federal sentence. (*Id.*) Pursuant to this court's screening procedure for habeas petitions, this court has not yet required ordered the United States to respond to the petition.

## II.     Discussion

3

### A. Standard of Review

District courts are required to "promptly examine" each petition for writ of habeas corpus before serving a copy of the petition on the respondent. Rule 4 of the Rules Governing Section 2254 Cases (applicable to § 2241 petitions through Rule 1(b)); *see also* 28 U.S.C. § 2243. When examining the petition, it is the duty of the court to dismiss the petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). Such summary dismissal is appropriate "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970).

### B. Successive Petitions Under 28 U.S.C. § 2244(a)

As Bush appears to raise the same claim in the instant petition that he raised in a previous petition, this court must decide if the instant petition is barred as successive. The procedure for handling second or successive habeas petitions is governed by 28 U.S.C. § 2244, which provides, in relevant part, as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a). This provision prevents petitioners from raising claims in a petition that were, or could have been, brought in a previous petition. *See Queen v. Miner*, 530 F.3d 253 (3d Cir. 2008); *see also Perry v. Warden Fort DIX FCI*, ___ F. App'x ___, No. 14-3941 (3d Cir. Apr. 10, 2015) (affirming dismissal under § 2244(a) of successive petition challenging the BOP's calculation of a federal sentence). Section 2244(a) "applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States." *Queen*, 530 F.3d at 255.

The main thrust of the instant petition is that Bush's federal sentence should be calculated to have commenced on September 20, 1996, the date that he alleges he should have been placed into federal custody. (Doc. 1 at 8.) This very same argument was advanced in detail in Bush's petition and traverse in a previous habeas proceeding in this court. *Bush v. Warden, USP Canaan*, 09-CV-00819 at Doc. 12. Though Bush may rely now on slightly different factual allegations or legal arguments to advance his claim, these do not change the gravamen of his claim. *See Sanders v. United*

5

*States*, 373 U.S. 1, 16 (1963) (explaining that a the addition of new factual allegations or legal arguments to a claim previously raised does not transform it into a new claim).  Furthermore, Bush is also barred from bringing any new claim that could have been brought and resolved in the previous proceeding.  *Queen*, 530 F.3d at 255 ("[A] petitioner may not raise new claims that could have been resolved in a previous action.").

Nonetheless, Bush argues that there are two developments that provide grounds for this court to revisit his claim.  First, Bush argues that an order issued by the Eastern District disposing of a Motion to Correct Clerical Error provides him with a new ground to have his sentence recalculated.  (Doc. 1 at 11–12.)  In that order, the court stated that Bush asked "that the court amend its judgment to recommend that he receive credit for time served in federal custody from the September 1996 date when he was placed in federal custody."  (Doc. 3 at 19–20.)  Bush contends that this is an acknowledgment that Bush was in fact in federal custody at that time, and that such an acknowledgment is grounds for the recalculation of his federal sentence.  (Doc. 1 at 13.)  While Bush could not have raised this argument in his original petition, the Eastern District's order did not have the effect of providing Bush with a new legal claim.  Rather, it merely deemed his Motion to Correct Clerical Error moot because

there was no clerical error to correct. (Doc. 3 at 19–20.) Thus, this is simply a new argument for the same claim that Bush asserted in his previous habeas petition, and is therefore barred by § 2244(a).[1]

Bush also claims that the BOP "tried to usurp" the authority of the federal courts when they claimed to have sent a letter to the sentencing court requesting its position on whether Bush's confinement in state prison should be designated as service of his federal sentence under 18 U.S.C. § 3621(b). (Doc. 1 at 8.) According to Bush, the BOP "misl[e]d the courts" because it sent that letter to the Honorable Harvey Bartle III rather than the Honorable Franklin S. Van Antwerpen, who was Bush's original sentencing judge. (*Id.* at 14.) However, the BOP was under no legal obligation to ask for the sentencing judge's opinion on the matter to begin with. *See, e.g.*, *Barden v. Keohane*, 921 F.2d 476, 482–83 (3d Cir. 1990) (explaining that the authority to designate state institutional confinement as service of a federal sentence rests solely with the Attorney General and the BOP). Thus, none of the BOP's actions with respect to the sending of that letter gave rise to a new claim for habeas relief. Rather, the allegation that the BOP "misled" the courts is simply an attempt at a new

---

[1] This court also notes that Bush's argument is based on a fundamental misreading of the relevant passage in the order, which was clearly only a restatement of the relief that Bush requested, not an acknowledgment of the truth of Bush's statements. (*See* Doc. 3 at 19–20.)

7

argument for a claim already adjudicated in Bush's previous petition. *See Bush v. Warden, USP Canaan*, 09-CV-00819, Doc. 18 at 6–7 (discussing the letter and the BOP's subsequent decision against *nunc pro tunc* designation of the state facility for service of Bush's federal sentence).

Thus, the issues Bush sets forth as new grounds for relief are merely attempts at making new arguments for the same claims asserted in his previous petition. As such, the petition must be dismissed.

### III. Conclusion

The instant petition sets forth the same claims raised in Bush's petition for writ of habeas corpus filed in 2009. Accordingly, pursuant to 28 U.S.C. § 2244(a), the petition will be dismissed as successive.

An appropriate order will issue.

           s/Sylvia H. Rambo
           United States District Judge

Dated: April 24, 2015.